IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| MICHAEL D. HUMES, | *   CHAPTER 13 |
|     Debtor | * |
| | *   CASE NO. 1:13-bk-00651MDF |
| CHARLES J. DeHART, III, | * |
| Standing Chapter 13 Trustee, | * |
|     Objectant | * |
| | * |
| v. | * |
| | * |
| MICHAEL D. HUMES, | * |
|     Respondent | * |

**OPINION**

Before me is the objection of the Chapter 13 Trustee, Charles J. DeHart, III, (the "Trustee") to the Second Amended Chapter 13 Plan (the "Plan") filed by Michael D. Humes ("Debtor"). The issue presented is whether a below median income Chapter 13 debtor may extend the term of his plan from three years to five years while committing only his projected disposable income for three years. For the reasons set forth below, I find that Debtor has not established cause for extending the term of the Plan to five years and must pay all projected disposable income into a plan over three years.

**I. Procedural History**

On February 8, 2013, Debtor filed a petition under Chapter 13. On June 26, 2013, he amended Schedules I and J and filed the Plan.[1] This matter came before the Court after the Trustee filed an objection to the Plan. An evidentiary hearing was held on October 3, 2013, and the parties subsequently submitted a stipulation of facts and briefs.

---

[1] The Trustee objected to Debtor's original Plan filed on March 25, 2013. Debtor filed a First Amended Plan on June 26, 2013 and a Second Amended Plan on the same date.

## II. Factual Findings

According to Debtor's Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (the "Means Test"), his monthly income is below the median household income for a single debtor living in Pennsylvania. Therefore, under 11 U.S.C. § 1325(b)(4), the "applicable commitment period" for the Plan is three years. The provisions of the Plan are straightforward. Debtor proposes to surrender one vehicle and make payments outside the Plan for the vehicle he has decided to retain and for his home. His home and car payments are current, and he has no arrearages to cure through the Plan. No priority claims were filed, thus all disbursements from the Plan will be made to satisfy administrative claims and to provide a distribution to unsecured creditors.

The dispute between Debtor and the Trustee has arisen in this case because Debtor's disposable income will rise significantly when he pays off a 401(k) loan in May 2015. Once the loan payment of $639.17 is no longer required, Debtor will have additional disposable income to commit to the Plan. Debtor's current monthly net income is $167.08, but beginning in May 2015, he is projected to have $806.25 in monthly net income. Debtor proposes to make payments of $167.08 per month for the first twenty-six months of the Plan and to make stepped-up payments of $288.43 for the balance of the Plan term, while also extending the term to five years. In other words, Debtor is proposing to pay all of the projected disposable income he would receive for three years, but he also is seeking authorization to spread those payments out over five years.

The Trustee objects, asserting that if the Court finds cause for extending the Plan to five years, Debtor is required to pay all his disposable income for the remainder of the term, not just the three-year commitment period. The Trustee argues that Debtor should not be permitted to

2

extend his Plan to five years, with attendant benefits such as the automatic stay, without committing all disposable income received during that period to the Plan.[2]

### III. Discussion

Two sections of the Bankruptcy Code must be considered to resolve this issue. If a trustee objects to the confirmation of a plan, it may not be confirmed unless all unsecured creditors are paid in full[3] or "the plan provides that *all of the debtor's projected disposable income to be received in the applicable commitment period* . . . will be applied to make payments to unsecured creditors . . . ." 11 U.S.C. § 1325(b)(1) (2013) (emphasis added). For below median income debtors, the "applicable commitment period" is three years. *See* 11 U.S.C. § 1325(b)(4) (2013). However, a below median income debtor may propose a plan that provides for payments over a period up to five years if cause for a longer term is established. *See* 11 U.S.C. § 1322(d)(2) (hanging paragraph) (2013).

The term "applicable commitment period" originated under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 § 318 (April 20, 2005) ("BAPCPA"), to distinguish between plan requirements for below median income and

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(B), (K), (L) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is made applicable to this proceeding under Fed. R. Bankr. P. 9014.

[3] The bar date for filing proofs of claim was June 19, 2013. The total amount of unsecured claims filed in the case is $36,651.49. Total payments under a three-year plan, assuming that beginning May 2015 payments increased to $806.25, would generate $12,406.58 in funds for distribution to administrative claims and unsecured creditors. If Debtor's plan were extended to five years with payments of $806.25 for the thirty-four month period following the satisfaction of the 401(k) loan, $31,756.58 would be generated to pay claims. Under either scenario all unsecured creditors would not be paid in full.

3

above median income debtors. Prior to the passage of BAPCPA, Chapter 13 plans for all debtors typically lasted a minimum of three years and a maximum of five years. *See* 11 U.S.C. § 1322(d) (2004). A debtor could propose a plan for less than three years if all other conditions for confirmation were met and no objections were filed. *See In re Pedersen*, 229 B.R. 445, 452 n.10 (Bankr. E.D. Cal. 1999); 11 U.S.C § 1325(b) (2004). Former § 1322(d), which applied to all Chapter 13 debtors regardless of income level, provided that a plan could not provide for payments for a period longer than three years "unless the court, for cause approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(d) (2004). Under BAPCPA, even if no objections to the plan are filed, a below median income debtor must devote all disposable income during the commitment period to the plan unless all allowed unsecured claims are being paid over a shorter period. 11 U.S.C. § 1325(b)(4)(B) (2013). The pre-BAPCPA provision that the term of the plan may be extended to a maximum of five years with court approval remains unaltered. 11 U.S.C. §1322(d)(2)(hanging paragraph) (2013).

In this case, the first issue is whether Debtor has established cause for exceeding the statutorily prescribed three-year plan period. "Cause" for extending a plan beyond three years is not defined in the Code. Courts have found cause to exist when a debtor needs more than three years to pay priority or secured claims. *See In re Fries*, 68 B.R. 676, 679 (Bankr. E.D. Pa. 1986). Extension of the plan for a period beyond three years to increase the dividend paid to unsecured creditors has also been found to constitute cause if the debtor voluntarily seeks the extension. *See Matter of Witkowski,* 16 F.3d 739, 747 (7th Cir. 1994). Commenting on pre-BAPCPA law, Collier has stated that courts should adopt a flexible approach to the cause requirement and

4

permit the extension of a plan beyond three years when the extension is justified by the circumstances and is necessary for the debtor to obtain effective relief under Chapter 13. Collier's view remains unchanged following the relocation of this provision from § 1322(d) to § 1322(d)(2). 5 *Collier on Bankruptcy* ¶ 1322.18[1][b] (16th ed. 2012).

Accordingly, I need not decide whether Debtor is required to devote all his disposable income during the five-year term of the proposed plan, or only the disposable income that otherwise would be paid over three years, unless I find that Debtor has met his burden to establish cause to extend the term of the Plan. Here, Debtor has failed to offer any supporting reasons for extending the Plan to five years. Debtor suggests that he may "elect" to file a five-year plan with projected disposable income based on three years because three years is defined as the applicable commitment period for below median income debtors. While a below median income debtor may not be compelled to propose a plan longer than three years, a debtor's request for an extension will be granted only if he establishes cause for the extension. A plan proposing payments for a period more than three years requires a showing of cause and approval by the court. The purpose for the extension is to allow a debtor to make additional payments into the plan for purposes such as curing arrearages on secured claims, satisfying large priority claims, or increasing dividends to unsecured creditors. Debtor is not proposing to make additional payments – only to take a longer period of time to make the same payments. Other than Debtor's desire to use some of the income for his own purposes, the reasons for the extension request remain obscure.

Even when a debtor articulates specific reasons for additional time to complete a plan, some courts have found that cause for the extension cannot exist when a debtor is not committing

5

all disposable income for the extended term. *See In re Cormier*, 478 B.R. 88, 98 (Bankr. D. Mass. 2012) ("court would be hard-pressed to find cause to extend the term of a below-median debtor's plan if the debtor is not paying all of his or her disposable income into the plan until its completion"); *In re Richall,* 470 B.R. 245, 249 (Bankr. D. N.H. 2012) ("after BAPCPA, courts may deny confirmation of a chapter 13 plan proposed by a below median debtor, which stretches beyond a three year period and pays creditors in full but does not commit all disposable income. . ."). These cases suggest that extending the plan term beyond three years should be the exception. Debtor has failed to establish cause for the extension of his plan beyond the applicable commitment period of three years. Therefore, the Trustee's objection will be sustained.

Debtor's failure to establish cause is sufficient to deny confirmation of the Plan. It is not necessary that I decide at this time whether a below median income debtor may confirm a Chapter 13 plan in which payments are calculated on disposable income available during the three-year commitment period rather than the actual term of the plan. However, Debtor makes several assumptions regarding the Court's position on related issues that require clarification.

Debtor asserts that § 1325(b), which specifies that a debtor must commit all projected disposable income during the applicable commitment period to the payment of unsecured creditors, does not require payments for any particular period of time. In other words, "applicable commitment period" is understood as a multiplier rather than as a temporal requirement. Although this position was adopted by Judge Opel in *DeHart v. Lopatka (In re Lopatka)*, 400 B.R. 433, 436-40 (Bankr. M.D. Pa. 2009), as well as by many other bankruptcy courts, I have not ruled on this issue. Further, the multiplier approach not been adopted by any appellate court. Four courts of appeals have addressed the issue and each has held that § 1325(b) is a temporal

6

requirement that specifies the minimum duration for a plan if an objection is filed. *See Baud v. Carroll*, 634 F.3d 327 (6th Cir. 2011); *Whaley v. Tennyson (In re Tennyson)*, 611 F.3d 873 (11th Cir. 2010); *Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008); *Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008). In his brief, Debtor asserts that "[i]t is *well established* that the applicable commitment period does not require that the debtor actually make payments for any particular period of time." Four circuits and the majority of other courts addressing the issue disagree. Therefore, while not ruling on this issue at this time, it is not a foregone conclusion that the Third Circuit will depart from the approach adopted by the Sixth, Eighth, Ninth and Eleventh Circuits and hold that § 1325(b) imposes a monetary rather than a temporal requirement.

Another issue also should be addressed. Debtor relies on two cases I previously decided that construe the meaning of "projected disposable income" as used in § 1325(b)(1)(B). *See In re Vaughn*, 411 B.R. 199 (Bankr. M.D. Pa. 2007) and *In re Wenning*, No. 1:08-bk-00111(MDF), 2008 WL 5158284 (Bankr. M.D. Pa. Oct. 8, 2008). Debtor cites these cases in support of the proposition that a below median income debtor is only required to devote projected disposable income to a plan for the statutorily determined applicable commitment period of three years. *Vaughn* and *Wenning,* however, are not helpful to Debtor's position for two reasons. First, these cases stand for the proposition that projected disposable income should be determined by using the "mechanical approach" embodied in the Means Test, that is by multiplying monthly disposable income by the length of the applicable commitment period. A ruling on the Trustee's objection does not turn on the appropriate methodology for calculating projected disposable income. The issue in this case is whether cause has been established for confirming a plan with a

7

term in excess of three years. Second, as the Trustee asserts, these opinions are not a correct statement of current law, having been indirectly overruled by the Supreme Court in *Hamilton v. Lanning*, 560 U.S. 505, 130 S. Ct. 2464 (2010). In *Lanning*, the Supreme Court determined that the "forward-looking approach," in which a debtor's post-petition financial situation is considered, is the appropriate methodology to be used to determine projected disposable income.[4] *Id.* at 2469. Therefore, even if decisions in *Vaughn* and *Wenning* were relevant to the issue before the Court, they are no longer good law.

### IV. Conclusion

The applicable commitment period for a below median income debtor is three years. Debtor has failed to establish cause for confirming a plan with a longer term. Accordingly, the Trustee's objection to the Plan will be sustained and confirmation of the Plan will be denied.

An appropriate order follows.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: December 13, 2013

---

[4] As noted by the Sixth Circuit in *Baud*, the two approaches to determining projected disposable income – the discredited "mechanical approach" and the "forward looking approach" – should not be confused with the question of whether §1325(b) sets forth a temporal requirement or a monetary requirement. While four courts of appeal have found that § 1325(b) imposes a temporal requirement, this issue is yet to be addressed by the Supreme Court.